UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| BENITO DAVID BRYANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV423-024 |
| | ) | |
| EFRFINGHAM COUNTY JAIL, | ) | |
| and EFFINGHAM COUNTY | ) | |
| SHERIFF'S DEPARTMENT, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

*Pro se* plaintiff Benito David Bryant filed this 42 U.S.C. § 1983 case, seeking "release for eye surgery." *See* doc. 1 at 6. The Court granted him leave to proceed *in forma pauperis*, doc. 4, and he returned the required forms, docs. 6 & 7. The Court must, therefore, screen his Complaint, pursuant to 28 U.S.C. § 1915A. Although his Complaint fails to state a claim upon which relief may be granted, *see* 28 U.S.C. § 1915A(b)(1), he will have an opportunity to amend it.

Because the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the

Complaint are taken as true and construed in the light most favorable to the plaintiff, *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). The facts that Bryant alleges are straightforward, if terse. *See* doc. 1 at 5. He alleges that he was diagnosed with an unspecified "eye condition" by the Department of Veterans' Affairs (the "VA"). *Id.* He complained about the condition, or perhaps side effects of surgery he received from the VA, to unidentified individuals "for six months," and "experienced . . . eye pain with no relief." *Id.* at 3, 5. He has also listed a series of dates and numbers, perhaps administrative grievance numbers. *Id.* at 5. The only defendants he identifies are the Effingham County Sheriff's Department and Effingham County Jail. *See id.* at 1, 4.

First, Bryant has not named a proper defendant. Jails and prisons are not entities subject to suit under § 1983. *See, e.g., Meyers v. Chatham Cnty. Det. Ctr.*, 2022 WL 1215640, at *1 (S.D. Ga. Apr. 25, 2022) ("[T]he Chatham County Detention Center is not an entity subject to suit."). Similarly, sheriffs' departments are not entities subject to suit. *See, e.g., Dempsey v. Elmore*, 2008 WL 4491475, at *5 (S.D. Ga. Oct. 3, 2008) (holding "Plaintiff cannot state a valid claim against the Chatham County Sheriff's Department because it is not subject to suit under 42

U.S.C. § 1983."). Accordingly, to the extent that Bryant names either the Effingham County Jail or the Effingham County Sheriff's Department, those defendants are **DISMISSED**.

Bryant's allegations implicate, even if they do not state, a possible inadequate-medical-care claim. Prison officials' deliberate indifference to "an inmate's serious medical needs violates the inmate's right to be free from cruel and unusual punishment." *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989) (citing *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)); *see Farmer v. Brennan,* 511 U.S. 825, 832-33 (1994) (although prison conditions may be restrictive and harsh, prison officials must provide, *inter alia*, necessary medical care). This requires that (1) the prisoner suffered a sufficiently serious medical need; (2) to which the defendants were deliberately indifferent; (3) resulting in an injury. *Goebert v. Lee Cty.*, 510 F.3d 1312, 1326 (11th Cir. 2007). Whether a serious medical need existed is an objective standard. *Milton v. Turner*, 445 F. App'x 159, 161-62 (11th Cir. 2011). To allege deliberate indifference, a plaintiff must show "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Youmans v. Gagnon*, 626 F.3d 557, 564 (11th Cir.

2010) (internal quotations and citation omitted). Each defendant is "judged separately and on the basis of what that person knows." *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008). A prisoner's mere disagreement with the type of medical treatment he receives is insufficient to allege deliberate indifference. *See, e.g., Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1575 (11th Cir. 1985). Even if the treatment an inmate received was negligent, that's not enough to support a § 1983 claim. *See, e.g. Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (citing *Estelle*, 429 U.S. at 106) ("Mere incidents of [medical] negligence or malpractice do not rise to the level of constitutional violations."). Bryant's allegation of an unspecified "eye condition" is too vague to allege a serious medical need and his failure to identify any individual involved is insufficient to allege deliberate indifference.

Finally, his request for "release for eye surgery" is not clearly cognizable in a § 1983 case. "[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. . . . He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quotes and cites omitted); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus

is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."). And before he can bring a federal habeas action, he must first exhaust his available state remedies through either a direct appeal or another petition for state collateral relief. *Wilkinson*, 544 U.S. at 79 (federal "habeas corpus actions require a petitioner fully to exhaust state remedies, which § 1983 does not"); 28 U.S.C. §§ 2254(b), (c). Although Bryant requests "release," it is not entirely clear from his Complaint that he does not, in fact, seek injunctive relief requiring some treatment, rather than "release." His amendment, discussed below, must clarify the nature of the relief requested.

In summary, Bryant has failed to state any claim arising from his treatment at Effingham County Jail. Despite his Complaint's failure to state a viable claim, "when a more carefully drafted complaint might state a claim, a district court should give a *pro se* plaintiff at least one chance to amend the complaint before the court dismisses the action." *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015). Accordingly, Bryant is **DIRECTED** to submit an Amended Complaint no later than

March 24, 2023. To facilitate his preparation of the Amended Complaint, the Clerk is **DIRECTED** to send him a blank Form Pro Se 14 (Complaint for Violation of Civil Rights (Prisoner)). Bryant is advised that his amended complaint will supersede the current operative complaint and therefore must be complete in itself. *See Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982). Bryant is further advised that failure to timely submit his amended complaint may result in a recommendation that this case be dismissed for failure to obey a court order or failure to prosecute. *See* Fed. R. Civ. P. 41(b).

Finally, the Court must assess Bryant's filing fee. *See* 28 U.S.C. § 1915(b). Although the Effingham County Jail did not complete the trust account form, an accounting submitted with it shows average monthly deposits of $151.33. *See* doc. 7 at 2-4. Based upon his furnished information, he owes an initial partial filing fee of $30.27. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). His account custodian shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10, until the

balance of the Court's $350 filing fee has been paid in full. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

**SO ORDERED,** this 1st day of March, 2023.

_/s/ Christopher L. Ray_
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA