UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| BENITO DAVID BRYANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV423-024 |
| | ) | |
| W. MOCK, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

*Pro se* plaintiff Benito David Bryant filed this 42 U.S.C. § 1983 case seeking "release for eye surgery." *See* doc. 9 at 1 (quoting doc. 1 at 6). The Court screened his original Complaint, dismissed several improper defendants, and directed him to amend a possible deliberate-indifference claim. *Id.* at 3-4. He has complied and filed an Amended Complaint. Doc. 10. Since the Amended Complaint still fails to state any claim upon which relief can be granted, it is **DISMISSED**. Doc. 10.

Because the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to

the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal). As Bryant is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

Bryant's Amended Complaint clarifies that he is a pretrial detainee. *See* doc. 10 at 4. He includes limited references to " 'PRK' [c]orrective laser eye surgery,"[1] and that he was "denied lubricated eye drops," in sections of the form complaint seeking the location and chronology of his claims. *See id*. Where the form complaint prompts him to state "the facts underlying [his] claim(s)," he responds only: "Eyes started becoming dry and irritated." *Id.* at 5. Finally, in response to the prompt concerning his injuries he states, in unedited form: "Came into custody. 22 Dec 2021 having Right eye having a injury 'additional' Recent injury. Both eyes still needing lubricant but especially right eye." *Id.* In response to questions about his exhaustion of administrative

---

[1] "Photorefractive keratectomy," or "PRK," is the "removal of part of the cornea with a laser to change its shape, and thus to modify the refractive error of the eye (reduce its myopia, for example)." Steadman's Medical Dictionary (2014).

2

remedies he alleges, without explanation, that he was "required to have lubricated eye drops." *Id.* at 7.

The Court's prior Order explained the standards applicable to a claim that officials have been deliberately indifferent to an inmate's serious medical needs. Doc. 9 at 3-4. To offend the Eighth Amendment,[2] a government official must display "deliberate indifference to the serious medical needs of prisoners . . . " *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). This requires that (1) the prisoner suffered a sufficiently serious medical need; (2) to which the defendants were deliberately indifferent; (3) resulting in an injury. *Goebert*, 510 F.3d at 1326. Whether a serious medical need existed is an objective standard. *Milton v. Turner*, 445 F. App'x 159, 161-62 (11th Cir. 2011). However, whether defendants were deliberately indifferent is subjective and each defendant is "judged separately and on the basis of what that person knows." *Burnette v. Taylor*, 33 F.3d 1325, 1331 (11th Cir. 2008). To allege deliberate indifference, a plaintiff must show "(1) subjective knowledge of a risk of

---

[2] As a pretrial detainee, Bryant's medical-care claim is technically governed by the Fourteenth Amendment, not the Eighth. *See Goebert v. Lee Cnty.*, 510 F.3d 1312, 1326 (11th Cir. 2007). "However, the standards under the Fourteenth Amendment are identical to those under the Eighth." *Id.* (citation omitted); *see also Thomas v. Bradshaw*, 2022 WL 333244, at *4 (11th Cir. Feb. 4, 2022) (same).

3

serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Youmans v. Gagnon*, 62 F.3d 557, 564 (11th Cir. 2010).

It is not clear that Bryant has alleged an objectively serious medical need. While prison officials may violate the Constitution "by failing to treat an inmate's pain," *McElligott v. Foley*, 182 F.3d 1248, 1257 (11th Cir. 1999), "not every ache and pain or medically recognized condition involving some discomfort can support a constitutional claim," *Jamison v. United States Marshal's Serv.*, 2023 WL 2050022, at *4 (M.D. Ga. Feb. 16, 2023) (internal quotation marks, alterations, and citation omitted)); *see also, e.g., Hughes v. Judd*, 108 F. Supp. 3d 1167, 1211 (M.D. Fla. 2015) ("[N]ot every medical need, not every injury, not every wound, and not every discomfort or indisposition presents a serious medical need . . . ."). A physician's prescription can indicate a serious medical need, *see, e.g., Qamar v. C.I.A.*, 489 F. App'x 393, 396 (11th Cir. 2012), but Bryant's allegation that eye drops were "required," doc. 10 at 7, does not allege that they were prescribed by a physician. Ultimately, Bryant's

allegations do little more than suggest a serious medical need, but do not clearly allege one.

Even if the Court assumed that Bryant had sufficiently alleged that he suffered from an objectively serious medical need, he has not included any allegation that any particular defendant, much less "W. Mock," was deliberately indifferent to that claim.  The Court previously explained— as repeated above—that deliberate indifference cannot be alleged generally; it requires allegations concerning a specific defendant's knowledge.  *See Burnette*, 533 F.3d at 1331; *see also* doc. 9 at 3-4.  Bryant alleges that he submitted grievances, and that he "continued to speak with staff," *see* doc. 10 at 7, but he does not identify any individual who he told about his need for eye drops, *see generally id.*  Other than being listed as a defendant, *see id.* at 1-2, Mock is never mentioned in the Amended Complaint, *see generally id.*  Bryant has, therefore, completely omitted any allegation that could support the subjective component of his deliberate-indifference claim.

Bryant's Amended Complaint fails to state a claim upon which relief may be granted.  It is, therefore, **DISMISSED**.  Doc. 10; *see also* 28

U.S.C. § 1915A(b)(1).  The Clerk of Court is **DIRECTED** to **CLOSE** this case.

    **SO ORDERED,** this 22nd day of March, 2023.

                                                                          _____
                                                                          CHRISTOPHER L. RAY
                                                                          UNITED STATES MAGISTRATE JUDGE
                                                                          SOUTHERN DISTRICT OF GEORGIA